09-2061-ag
Garvey v. Holder

BIA
Rohan, IJ
A097 530 818

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:
　　　　ROBERT D. SACK,
　　　　ROBERT A. KATZMANN,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges*.

_____

MERRICK GARVEY,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　09-2061-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　Alexander J. Segal, Grinberg & Segal, PLLC, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioner, Merrick Garvey, a native and citizen of Jamaica, seeks review of an April 16, 2009, order of the BIA affirming the November 15, 2007, decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Garvey*, No. A097 530 818 (B.I.A. Apr. 16, 2009), *aff'g* No. A097 530 818 (Immig. Ct. N.Y. City Nov. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.  Asylum and Withholding of Removal**

In order to establish eligibility for asylum and withholding of removal, the applicant must show that any harm he fears would occur on account of his race, religion, nationality, membership in a particular social group, or political opinion.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).  Garvey alleged that he feared persecution on account of his relationship to his mother, who had been critical of a local "don."  He further claimed that he would be persecuted as a returning deportee who would be viewed as an outsider.  Finally, he claimed that he would be persecuted on account of his political opinion.  We find no error in the agency's rejection of each of these claims, which we address in turn.

**A. Particular Social Group**

**1. Family Ties**

Garvey argued that his relationship to his mother constituted a particular social group, and that because she criticized a local "don," he would be persecuted.  In its decision, the BIA assumed that Garvey's family ties constituted a social group, but nonetheless found that Garvey failed to establish a well-founded fear on account of

3

his membership in that group.  In support of that finding, the BIA agreed with the IJ that the fact that his mother's sister lives in Jamaica without harm undermined his claim. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir. 1999) (finding that where asylum applicant's family members continued to live in applicant's native country, claim of well-founded fear was diminished).  Garvey does not address that finding.  Rather, he asserts that certain family members were beaten by members of the local "don's" gang, but concedes that the attacks did not occur because of their relationship to his mother.  Under these circumstances, we are not compelled to find error in the agency's conclusion that Garvey failed to show an objectively reasonably fear of persecution on account of his family ties.  *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007)

### 2.  Returning Deportee

Although both the IJ and the BIA suggested that Garvey's proposed particular social group of returning deportees who will be viewed as "outsiders" was not cognizable, the BIA rested its decision on Garvey's failure to demonstrate that he would suffer harm on account of his

4

membership in that group.  On appeal, Garvey points to no evidence that returning deportees are targeted by Jamaican gangs as a result of their status as deportees.  Moreover, we find Garvey's argument that he has a well-founded fear of persecution because he "could walk right into an area controlled by a rival gang and be harmed" unpersuasive, as allegations of high levels of general crime and violence in an applicant's native country are insufficient to establish eligibility for asylum.  *See Melgar de Torres*, 191 F.3d at 314 n.3.

**B.   Political Opinion**

In addition, the IJ did not err in finding that Garvey failed to establish that he would be targeted by criminal gangs on account of his political neutrality.  Although Garvey asserts that gang members who control the political parties in Jamaica will not accept his desire to remain politically neutral, he presented no evidence that gangs target such individuals, and even acknowledged at his hearing that "he does not really understand the political situation in Jamaica."  Because Garvey failed to provide any evidence that Jamaican gangs target individuals on account of their political neutrality, the IJ reasonably found that

5

Garvey did not establish a well-founded fear based on his political opinion. *See Manzur*, 494 F.3d at 289.

**II. CAT Relief**

Finally, the record supports the IJ's finding that Garvey failed to establish a likelihood of torture with the knowledge or acquiescence of government officials. Government officials acquiesce to torture when, "prior to the activity constituting torture," the officials "have awareness of such activity and thereafter breach [their] legal responsibility to prevent such activity." 8 C.F.R. 1208.18(a)(7). Here, Garvey's mother, Stephanie Philips, testified that although the police attempt to assist the community, individuals are reluctant to call them for help. Indeed, far from acquiescing in any torture, the record reflects that the police actively engage and pursue gang members. Philips's testimony is supported by the 2006 Country Report on Human Rights Practices for Jamaica, which states that "the police frequently employed lethal force in apprehending criminal suspects." Thus, the agency reasonably found that Garvey failed to demonstrate a likelihood of torture with the knowledge or acquiescence of government officials.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk